**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 01 2012, 9:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEPHEN L. REED, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1205-CR-216 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1106-FC-167

**November 1, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Stephen L. Reed appeals his six-year sentence for Class C felony corrupt business influence. He contends that his sentence is inappropriate in light of the nature of the offense and his character. Because Reed has failed to persuade us that his sentence is inappropriate in light of the nature of the offense and his character, we affirm.

## Facts and Procedural History

In late summer and early fall 2010, four personal checks were stolen from residential mailboxes in Fort Wayne. The checks were altered—the original sum increased exponentially—and given to third parties. When those third parties attempted to cash the checks, local bank tellers noticed discrepancies and notified the Fort Wayne Police Department. When police spoke to the individuals who tried to cash the checks, three individuals indicated that Reed had given them the altered checks. Reed's fingerprints were found on the fourth altered check.

The State charged Reed with one count of Class C felony corrupt business influence and four counts of Class C felony forgery. A jury trial was scheduled for March 20, 2012. The day before trial, Reed entered into a plea agreement in which he pled guilty to Class C felony corrupt business influence and the State dismissed the remaining four counts. Reed admitted that he recruited individuals to cash the altered checks. Tr. p. 10-11. The trial court sentenced Reed to six years in the Department of Correction.

Reed now appeals.

## Discussion and Decision

Reed contends that his sentence is inappropriate in light of the nature of the offense and his character.[1] We disagree.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—

---

[1] Reed frames his argument solely as whether his sentence is inappropriate. *See* Appellant's Br. p. 1, 3. However, he also references aggravators and mitigators. We observe that whether a trial court has abused its discretion by improperly recognizing aggravators and mitigators when sentencing a defendant and whether a defendant's sentence is inappropriate under Indiana Appellate Rule 7(B) are two distinct analyses. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Because Reed frames his argument as one made under Indiana Appellate Rule 7(B), we so confine our discussion.

We note, however, that to the extent Reed references aggravators and mitigators, he does so in asking this Court to "reweigh the aggravating and mitigating factors and revise [Reed's] sentence . . . ." Appellant's Br. p. 3. It is well settled that we do not review the weight given to an aggravator or mitigator on appeal. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) ("Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence . . . a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors."), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

3

the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

The sentencing range for a Class C felony is two to eight years, with four years being the advisory term. Ind. Code § 35-50-2-6(a). Here, the trial court sentenced the twenty-five-year-old Reed to six years in the Department of Correction. This sentence is within the statutory range.

While the nature of this offense may not be particularly egregious, Reed's character does not help his cause. As the trial court noted, Reed's criminal history dates back to his teenage years. As a juvenile, Reed had four theft adjudications in five years, three of which would have been felonies if committed by an adult. Reed also had juvenile adjudications for possession of marijuana and criminal mischief. He has fared little better as an adult: In 2006, Reed was convicted of burglary, residential entry, and receiving stolen property, all felonies. In 2007, two months after being released from the DOC, Reed was convicted of receiving stolen property, his fourth felony conviction. Reed was again released from the DOC in 2008, but violated his probation and was returned to prison. In 2011, Reed was convicted of felony theft in Florida before returning to Indiana and committing the underlying offenses.

Reed's argument that he has parental responsibilities, previously maintained employment and sought education, and was simply a "middleman" and not "the

4

mastermind" of the underlying check-fraud scheme do little to offset Reed's significant criminal history. Reed has been in near-constant contact with the criminal-justice system as an adult, yet he has not been deterred from criminal activity, and his actions show a complete lack of respect for the property rights of others. Reed has failed to show that his six-year sentence is inappropriate.

Affirmed.

MATHIAS, J., and BARNES, J., concur.